# 14-2169-cv

## United States Court of Appeals
### for the
## Second Circuit

◆❙◆

SUNITA DESWAL, PARS SINGH,

*Plaintiffs-Appellants,*

– v. –

US NATIONAL ASSOCIATION, AS TRUSTEE MORGAN STANLEY LOAN TRUST 200616AX MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 200616AX, IDEAL MORTGAGE BANKERS LTD., DBA LEND AMERICA, GENERAL MOTORS ACCEPTANCE CORPORATION, AKA GMAC MORTGAGE, SAXON MORTGAGE SERVICES, INC., OCWEN FINANCIAL CORPORATION,

*Defendants-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES US NATIONAL ASSOCIATION, AS TRUSTEE MORGAN STANLEY LOAN TRUST 200616AX MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 200616AX and OCWEN FINANCIAL CORPORATION

HOUSER & ALLISON, APC
*Attorneys for US National Association,*
  *as Trustee Morgan Stanley Loan Trust*
  *200616AX Mortgage PassThrough*
  *Certificates, Series 200616AX and*
  *Ocwen Financial Corporation*
60 East 42nd Street, Suite 1148
New York, New York 10165
(212) 490-3332

## CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee Ocwen Financial Corporation does not have any parent company and no publically held corporation owns 10% or more of its stock.

U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX, Mortgage Pass-Through Certificates, Series 2006-16AX is a subsidiary of U.S. Bancorp and U.S. Bancorp owns more than 10% of U.S. Bank National Association's stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ........................................................i

TABLE OF AUTHORITIES ................................................................iii

PRELIMINARY STATEMENT ...............................................................1

STATEMENT OF ISSUES ................................................................2

STATEMENT OF THE CASE ...............................................................2

STATEMENT OF FACTS ................................................................4

SUMMARY OF ARGUMENT ...............................................................5

ARGUMENT ................................................................6

    I.    Standard of Review – Motion to Dismiss .........................................6

    II.    Plaintiffs' TILA Claims are Time-Barred...........................................7

    III.    Plaintiffs' HOEPA Claims are Time-Barred......................................8

    IV.    Plaintiffs' RESPA Claims are Time-Barred ......................................8

    V.    Plaintiffs' New York Banking Law Claims Are Time-Barred ...........9

    VI.    Plaintiffs' Breach of Good Faith Claims Are Time-Barred...............9

    VII.    Plaintiffs Failed to Demonstrate That They Are Entitled to Equitable Tolling ................................................................9

CONCLUSION ................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

Cardiello v. The Money Store, Inc.,
No. 00 CIV. 7332 (NRB), 2001 WL 604007 (S.D.N.Y. June 1, 2001) aff'd., 29 F.
App'x 780 (2d Cir. 2002) ...................................................................................7, 11

Castagna v. Luceno,
744 F.3d 254 (2d Cir. 2014)......................................................................... 6

Corcoran v. New York Power Auth.,
202 F.3d 530 (2d Cir. 1999)...........................................................................10,12

Done v. HSBC Bank USA,
No. CV 09-4878 JFB ETB, 2010 WL 3824146 (E.D.N.Y. July 19, 2010) report
and recommendation adopted, No. 09-CV-4878 JFB ARL, 2010 WL 3824142
(E.D.N.Y. Sept. 23, 2010).................................................................................. 8

Grimes v. Fremont Gen. Corp.,
785 F. Supp. 2d 269 (S.D.N.Y. 2011) ...................................................................10

Johnson v. Scala,
No. 05 CIV. 5529 LTSKNF, 2007 WL 2852758 (S.D.N.Y. Oct. 1, 2007).............. 8

Koch v. Christie's Int'l PLC,
785 F. Supp. 2d 105 (S.D.N.Y. 2011) aff'd, 699 F.3d 141 (2d Cir. 2012)............10

LaSalle Bank, N.A. v. Shearon,
19 Misc. 3d 433, 850 N.Y.S.2d 871 (Sup. Ct. 2008)................................................ 9

McAnaney v. Astoria Fin. Corp.,
357 F. Supp. 2d 578 (E.D.N.Y. 2005) ................................................................. 8

Nghiem v. U.S. Dep't of Veterans Affairs,
451 F. Supp. 2d 599 (S.D.N.Y. 2006) aff'd, 323 F. App'x 16 (2d Cir. 2009) .......... 6

Owens v. Aspen Funding LLC,
No. 08-CV-6588 CJS, 2011 WL 4024820 (W.D.N.Y. Sept. 9, 2011) ...................7

iii

In re Residential Capital, LLC,
513 B.R. 856 (Bankr. S.D.N.Y. 2014) ........................................................ 7

Van Pier v. Long Island Sav. Bank,
20 F. Supp. 2d 535 (S.D.N.Y. 1998) ........................................................ 7

**Statutes**

15 U.S.C. §§ 1601, et. seq. ..................................................................... 1

12 U.S.C. §§ 2607, et. seq. ..................................................................... 1

12 U.S.C. § 2614 .................................................................................... 8

N.Y. Banking Law § 6.1 ......................................................................... 1, 9

Fed. R. Civ. P. 12 ................................................................................... 6

Fed. R. App. P. 30 .................................................................................. 2

C.P.L.R. § 213 ......................................................................................... 9

# PRELIMINARY STATEMENT

Defendants-Appellees Ocwen Financial Corporation ("Ocwen") and U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX, Mortgage Pass-Through Certificates, Series 2006-16AX ("U.S. Bank N.A., As Trustee") respectfully submit this Appellee Brief in opposition to the Appellate Brief filed by Plaintiffs-Appellants Sunita Deswal and Pars Singh ("Plaintiffs").

This case arises out of the origination of two loans obtained by Plaintiffs in 2006 to purchase a property located at 236-11 Bentley Road, Rosedale New York (the "Property"). Plaintiffs allege that the defendants Ideal Mortgage Bankers LTD d/b/a Lend America ("Lend America"), Ocwen, U.S. Bank N.A., As Trustee, General Motors Acceptance Corporation a/k/a GMAC Mortgage ("GMAC") and Saxon Mortgage Services, Inc. ("Saxon") (collectively "Defendants") engaged in predatory lending in connection with the origination of the two loans and thereby violated the Truth in Lending Act, 15 U.S.C. §§ 1601, et. seq. ("TILA"), the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1601, et. seq. ("HOEPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2607, et. seq. ("RESPA"), N.Y. Banking Law § 6.1 and committed the alleged tort of 'bad faith.' Joint

Appendix ("JA") 128-130.[1]  Plaintiffs seek the rescission of the two loans and damages of over $675,000.

All of Plaintiffs' claims are time barred by the applicable statute of limitations.  The purported misconduct giving rise that Plaintiffs' claims undeniably occurred on or before April 5, 2006, the date the loans in question were originated.  JA 22, 42, 119.  This action was not commenced until April 25, 2013, over seven years after the origination date of the loans.  Plaintiffs' Appellate Brief fails to articulate why their claims are not time-barred and does not cite a single authority which even suggests the statute of limitations should be equitably tolled.

## STATEMENT OF ISSUES

1.    Did the District Court correctly dismiss Plaintiffs' claims because they are time-barred by the applicable statutes of limitations and Plaintiffs failed to allege any basis to toll the applicable statutes of limitations?

## STATEMENT OF THE CASE

Ocwen and U.S. Bank N.A., As Trustee were named as defendants in the action titled <u>Sunita Deswal et. al. v. U.S. National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX, Mortgage Pass-Through</u>

---

[1] While Plaintiffs filed a document entitled Joint Appendix, Defendants Ocwen and U.S. Bank N.A. were never consulted about the contents of Plaintiffs' Joint Appendix and were given no opportunity to offer additional designations. Plaintiffs' unilateral filing of the Joint Appendix is in direct violation of FRAP 30(b)(1).

2

Certificates, Series 2006-16AX, Ideal Mortgage Bankers Ltd. D/B/A Lend America, General Motors Acceptance Corporation A/K/A GMAC Mortgage, Saxon Mortgage Services, Inc. and Ocwen Financial Corp.[2] commenced in the New York Supreme Court, County of Queens, Index No. 8098/2013 on or about April 25, 2013. JA 131. On June 12, 2013, Ocwen and U.S. Bank N.A., As Trustee removed this action to the District Court for the Eastern District of New York. JA 7.

In October 2013, Saxon, Ocwen and U.S. Bank N.A., As Trustee moved to dismiss Plaintiffs' complaint for failure to state a cause of action based upon the applicable statute of limitations. JA 7-8. Plaintiffs opposed the motions. JA 8. On April 21, 2014 oral argument was held on the motions (JA 224) and on May 14, 2014, the Court (J. Dearie) granted the motions to dismiss and dismissed Ocwen, U.S. Bank N.A., As Trustee and Saxon from this action with prejudice. JA 248-54. This appeal followed.[3]

_____

[2] The District Court dismissed the claims against GMAC and Lend America on August 28, 2014.

[3] The District Court correctly held that Plaintiffs' TILA rescission and HOEPA claims failed because such claims do not apply to "residential mortgage transactions." JA 251. Plaintiffs did not appeal this finding.

## STATEMENT OF FACTS

Plaintiffs' complaint alleges that in March of 2006, Plaintiffs became interested in purchasing the Property. JA 119. Plaintiffs allege that they sought out Lend America to secure financing to purchase the Property. Id. Plaintiffs claim that Lend America made certain false representations to Plaintiffs regarding the financing, tax attributes, and value of the Property. JA 120. On April 5, 2006, Plaintiffs secured two loans from Lend America, one for $540,000 and one for $135,000 (collectively the "Loans"), in connection with financing their purchase of the Property. JA 22, 42.

Plaintiffs contend that they made payments totaling $335,000 on the Loans between 2006 and 2012. JA 229. The Complaint alleges that in 2009, the United States commenced an action against Lend America and that, in October 2011, Lend America pled guilty to the submission of false HUD certifications, false borrower income certifications, and false borrower creditworthiness certifications. JA 128.

According to Plaintiff Pars Singh, "I paid the mortgage for a period of six years until I was no longer able to do so, paying a sum of 335,000." JA 178. Plaintiffs commenced the instant action against Defendants on or about April 25, 2013, over seven years after the Loans were originated. JA 22, 42, 131.

## SUMMARY OF ARGUMENT

The District Court properly dismissed the Plaintiffs' Complaint as against Ocwen and U.S. Bank N.A., As Trustee because it is undisputed that all of Plaintiffs' claims are barred by the applicable statute of limitations and should not be tolled. Plaintiffs do not dispute that the claims are untimely, but instead their sole argument in the District Court was that the statute of limitations must be equitably tolled due to purported "fraudulent concealment" by Lend America at the time of origination.[4] The District Court correctly found that because the "fraud" alleged by Plaintiffs occurred at the time of the origination of the Loans, more than seven years after this Action was initiated, such claims should not be equitably tolled.

Here, Plaintiffs' brief again argues that fraud at origination and Loan assignment somehow tolls the statute; however, these legally deficient arguments again fail to meet any of the requirements for equitable tolling. Accordingly, Plaintiffs' causes of action are time-barred and the decision of the District Court should be affirmed.

---

[4] Plaintiffs have not alleged any fraud on the part of Ocwen or U.S. Bank N.A., As Trustee.

5

**ARGUMENT**

## I.   Standard of Review – Motion to Dismiss

"We review *de novo* a district court's grant of a motion to dismiss, including legal conclusions concerning the court's interpretation and application of a statute of limitations." Castagna v. Luceno, 744 F.3d 254, 256 (2d Cir. 2014) (citations and quotation marks omitted).

"A motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." Nghiem v. U.S. Dep't of Veterans Affairs, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006) aff'd, 323 F. App'x 16 (2d Cir. 2009). "The standards and procedures under Rule 12(b)(6) thus aptly apply to motions to dismiss upon the affirmative defense of statute of limitations. The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Id. (citations and quotation marks omitted)

> When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied in bringing suit.

Id. (citations and quotation marks omitted).

## II.    Plaintiffs' TILA Claims are Time-Barred

"TILA creates a civil damages remedy for the borrower, enforceable in federal or state court, but imposes a one-year statute of limitations on the action." Van Pier v. Long Island Sav. Bank, 20 F. Supp. 2d 535, 538 (S.D.N.Y. 1998).  "It is well-settled law that in 'closed-end credit' transactions, like the one at issue, the 'date of the occurrence of violation' is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs."  Cardiello v. The Money Store, Inc., No. 00 CIV. 7332 (NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) aff'd., 29 F. App'x 780 (2d Cir. 2002).

If a borrower seeks rescission through TILA, a three year statute of limitations applies.  See In re Residential Capital, LLC, 513 B.R. 856, 867 (Bankr. S.D.N.Y. 2014) ("The statute [TILA] also imposes a three-year statute of limitations on claims for rescission. See 15 U.S.C. § 1635(f)"); Owens v. Aspen Funding LLC, No. 08-CV-6588 CJS, 2011 WL 4024820, at *10 (W.D.N.Y. Sept. 9, 2011) (where the borrower seeks rescission of the loan based on a TILA violation, the statute of limitations is three years.")

Here, Plaintiffs' TILA claims are time-barred because this claim was not filed until seven years after the Loans were funded by Lend America.

### III. Plaintiffs' HOEPA Claims are Time-Barred

For the reasons stated above, Plaintiffs' HOEPA claims are also time-barred. "HOEPA, 15 U.S.C. §§ 1602(aa), 1639, is part of TILA, and as such, is barred by the same statute of limitations discussed above with respect to Plaintiffs' TILA claim." Johnson v. Scala, No. 05 CIV. 5529 LTSKNF, 2007 WL 2852758, at *4 (S.D.N.Y. Oct. 1, 2007).

### IV. Plaintiffs' RESPA Claims are Time-Barred

"RESPA specifically provides for a three year statute of limitations in any action brought in federal court for a violation of §§ 2605, 2607, and 2608." McAnaney v. Astoria Fin. Corp., 357 F. Supp. 2d 578, 591 (E.D.N.Y. 2005) (citing 12 U.S.C. § 2614). "As with claims brought pursuant to TILA, the date of the 'occurrence of the violation' is the date on which plaintiff entered into the loan agreement." Done v. HSBC Bank USA, No. CV 09-4878 JFB ETB, 2010 WL 3824146, at *4 (E.D.N.Y. July 19, 2010) report and recommendation adopted, No. 09-CV-4878 JFB ARL, 2010 WL 3824142 (E.D.N.Y. Sept. 23, 2010).

Thus, Plaintiffs' RESPA claims are time-barred as well, because the date Plaintiffs' alleged RESPA claims accrued (April 5, 2006) is over seven years before this action was commenced.

### V.    Plaintiffs' NY Banking Law Claims are Time-Barred

Violations of NY Banking Law§ 6-1 for predatory lending are subject to a six year statute of limitations from the date the loan was originated.  "A private action against the lender or mortgage broker pursuant to this section must be commenced within six years of origination of the high-cost home loan."  N.Y. Banking Law § 6-l.  See also LaSalle Bank, N.A. v. Shearon, 19 Misc. 3d 433, 436, 850 N.Y.S.2d 871 (Sup. Ct. 2008).

Again, Plaintiffs' claims are time barred because the contested Loans were originated seven years before this action was commenced.

### VI.    Plaintiffs' Breach of Good Faith Claims are Time-Barred

Plaintiffs also vaguely contend that Defendants had acted in bad faith, which is not a cognizable cause of action.  In any event, the maximum state of limitations for any cause of action in New York, not otherwise proscribed, is six years. C.P.L.R. § 213(1).  Since all the allegations of wrongdoing in this case relate to conduct occurring on or before April 5, 2006, this purported claim is also time-barred.

### VII.  Plaintiffs Failed to Demonstrate That They Are Entitled to Equitable Tolling of Each Applicable Statute of Limitations

Plaintiffs claim that the statutes of limitations on their various causes of action should be equitably tolled because, according to Plaintiffs, "MERS prevented the timely recording of the mortgage documents."  Appellants' Br. at 19.

However, "[e]quitable tolling is available in rare and exceptional circumstances, where the court finds that extraordinary circumstances' prevented the party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he sought to toll." Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011) (citations and quotation marks omitted).

> Under federal common law, a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's "discovery of the nature of the claim within the limitations period"; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled.

Corcoran v. New York Power Auth., 202 F.3d 530, 543 (2d Cir. 1999). "A plaintiff attempting to apply fraudulent concealment must plead each of these elements with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure." Koch v. Christie's Int'l PLC, 785 F. Supp. 2d 105, 116 (S.D.N.Y. 2011) aff'd, 699 F.3d 141 (2d Cir. 2012).

> In cases involving TILA, "the courts have held uniformly that fraudulent conduct beyond the nondisclosure itself is necessary to equitably toll the running of the statute of limitations." Pettola v. Nissan Motor Accept. Corp., 44 F.Supp.2d. 442, 450 (D.Conn.1999) (citing Evans v. Rudy–Luther Toyota, Inc., 39 F.Supp.2d 1177 (D.Minn.1999); Jones v. Saxon Mortg., 980 F.Supp. 842, 846 (E.D.Va.1997); Kicken v. Valentine Prod. Credit Ass'n, 628 F.Supp. 1008, 1011 (D.Neb.1984), aff'd, 754 F.2d 378 (8th Cir.1984) (table decision); Hughes v. Cardinal Fed. Sav. & Loan Ass'n, 566 F.Supp. 834, 838 (S.D.Ohio 1983)). The holdings make good sense because if the very nondisclosure or misrepresentation that gave rise to the TILA

> violation also tolled the statute of limitations, the effect of the statute
> of limitations would be nullified.

Cardiello, No. 00 CIV. 7332 (NRB), 2001 WL 604007, at *5; aff'd., 29 F. App'x at 780.

In this case, Plaintiffs woefully failed to allege any specific or even cognizable post-closing (April 5, 2006) concealment of the alleged wrongdoing in this case by any of the Defendants. With respect to Ocwen and U.S. Bank N.A., As Trustee, there are no specific allegations of any wrongdoing whatsoever, except, that in Plaintiffs' opinion, Ocwen and U.S. Bank. N.A. knew or should have known about the alleged wrongdoing of Lend America. JA 126-27. Moreover, the Complaint contains no allegations about any fraudulent concealment by Lend America, the supposed perpetrator of the fraud. Plaintiffs relied solely on the same alleged misrepresentations or nondisclosures at the time of the origination of the Loans and failed to plead any fraudulent conduct after origination that would serve as a basis for equitable tolling. As the District Court correctly noted, Plaintiffs "incorrectly equate[d] fraud with fraudulent concealment." JA 253.

Plaintiffs' vague aspersions about the MERS system and concerns about the purported delay in the filing of certain assignments of mortgage have nothing at all to do with the alleged wrongdoing of Lend America or "fraudulent concealment" of any of the conduct alleged in the Complaint. In any event, between 2006 and 2012 the Plaintiffs knew that the holder of the notes and mortgages for the Loans

were changing hands, thus alerting them to the fact that Lend America transferred the Loans. JA 178. As the District Court correctly noted, plaintiffs "knew that Lend America was the original lender and had no obstacle to filing a timely claim against it." JA 253. The assignments of mortgage concerning the Loans are red herrings, pure and simple.

Moreover, there is no possibility that Plaintiff could ever satisfy the third element of a claim for equitable tolling, namely that: "plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." Corcoran, 202 F.3d at 543. There are absolutely no allegations or claims in the Complaint that Plaintiffs made any effort to pursue the discovery of their alleged claims during the seven intervening years between the origination of the Loans and the commencement of this action. Instead, Plaintiffs admitted that they did not sue any of the Defendants before 2012 because they were not exploring their potential claims and were instead just attempting to pay off the Loans. JA 229. If doing absolutely nothing to explore a claim during the pendency of a statute of limitations can be construed as due diligence, then the term due diligence has no meaning.

Taking the allegations in the Complaint as true, it is extremely difficult to understand why Plaintiffs did not act sooner to rectify the alleged wrongdoing of Lend America. According to Plaintiffs, Lend America's representatives had

assured Plaintiffs that the Property was subject to a ten or fifteen-year tax abatement. JA 122, 176. However, according to Plaintiffs, Lend America's promised tax abatement on the Property did not exist, a fact which Plaintiffs must have realized after they must have started making property tax payments and/or receiving property tax bills. Lend America's other alleged false assurances, concerning the rental value of the Property, axiomatically must also have also been apparent to the Plaintiffs very shortly after the Loans were originated, when Plaintiffs starting renting out the Property. JA 177. Pursuant to Plaintiffs' own narrative of facts, Lend America's alleged wrongdoing was apparent almost immediately -- in 2006. Lend America's alleged fraud was not concealed at all -- it was brazen and must have been obvious to Plaintiffs soon after the Loans originated. And yet Plaintiffs did nothing for over seven years.

It is also notable that, as Plaintiffs allege, Lend America was sued by the United States government in 2009 and "pled guilty" to the submission of false HUD certifications, false borrower income certifications, and false borrower creditworthiness certifications in 2011. JA 128. Had Plaintiffs even conducted minimal research regarding Lend America after 2009, they almost surely would have come across Lend America's criminal case (a matter of public record) and likely a variety of other sources regarding Lend America's now notorious activities. Plaintiffs apparently never conducted even minimal research.

13

In light of the facts alleged by Plaintiffs, there is no circumstance where Plaintiffs could show, with the specificity required by the pleading standards of Rule 9(b), that Ocwen and U.S. Bank N.A., As Trustee engaged in fraudulent concealment or that Plaintiffs acted with the due diligence required to establish equitable tolling. Lend America's alleged fraud was not concealed at all – it must have been immediately obvious to Plaintiffs and was a matter of public record many years before Plaintiffs finally filed suit. Plaintiffs' conduct, or lack thereof, is the antithesis of due diligence. After Plaintiffs realized that there was no tax abatement and the rental value of the Property was not as allegedly advertised by Lend America, Plaintiffs had ample opportunity to seek legal redress and admittedly failed to do so. JA 229. Accordingly, the District Court correctly found that Plaintiffs were not entitled to equitable tolling and the decision should be affirmed.[5]

---

[5] The District Court properly denied Plaintiffs leave to amend their Complaint on the grounds that "none of the information proffered in response to defendants' motions to dismiss, nor any of the plaintiffs' statements during oral argument, if pled, support plaintiffs' argument that equitable tolling can rescue their complaint." JA 254. Plaintiffs did not appeal this ruling.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court should be affirmed in its entirety.

Respectfully Submitted,

s/Kathleen M. Massimo
Kathleen M. Massimo
Houser & Allison, APC
60 East 42nd Street, Suite 1148
New York, NY 10165
212-490-3333
kmassimo@houser-law.com
*Counsel for Defendants Ocwen Financial Corporation and U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX, Mortgage Pass-Through Certificates, Series 2006-16AX*

**CERTIFICATE OF COMPLIANCE**
**WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS,**
**AND TYPE STYLE REQUIREMENTS**

1.      This brief complies with the type volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,200 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word Edition 2010 in 14 point Times New Roman Font.


s/Kathleen M. Massimo
Kathleen M. Massimo